IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-0086-FL

**Anthony Purcell Dyson**,

                Plaintiff,

v.

**City of Rocky Mount & Rocky Mount Police Department**,

                Defendants.

**Order &
Memorandum & Recommendation**

Plaintiff Anthony Purcell Dyson has asked the court to allow him to proceed with his lawsuit against Defendants the City of Rocky Mount and the Rocky Mount Police Department without paying the required filing fee or other costs normally associated with a civil lawsuit (otherwise known as proceeding "*in forma pauperis*" or "IFP"). In connection with its evaluation of this request, the court must also make an initial inquiry into the viability of the plaintiff's claims. If the court determines that the plaintiff's complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, it must be dismissed. 28 U.S.C. § 1915(e). After reviewing Dyson's financial affidavit and his Complaint, the court orders that his application to proceed IFP is granted, but recommends that the Complaint be dismissed without prejudice because the court lacks subject matter jurisdiction over Dyson's claims.[1]

---

[1] The Court has referred Dyson's application and the associated frivolity review to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) & (B), respectively.

## Application to Proceed in District Court without Prepaying Fees or Costs

Dyson's IFP Application states that he has no monthly income, no cash, and receives only $194.00 in food stamps per month. (D.E. 1.) Dyson also states that he has no monthly expenses for housing, utilities, or similar items. The court finds that Dyson lacks sufficient resources to pay the required filing fee and other costs associated with litigation. Therefore, his Application is granted and he may proceed without full prepayment of costs.

## Frivolity Review

As indicated above, after determining that Dyson may proceed without prepayment of fees or cost, the court must analyze the viability of the claims contained in the complaint to determine if it is appropriate to allow the case to proceed. If the complaint, either in whole or in part, is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, it must be dismissed. 28 U.S.C. § 1915(e)(2)(B). Complaints which fail to demonstrate that the court has subject matter jurisdiction over the dispute between the parties are subject to dismissal at this point in the proceeding. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

Unlike their state counterparts, federal courts have only been given jurisdiction over a limited set of cases and controversies. They are "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Due to the limited nature of federal court jurisdiction, there is a presumption that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests with Dyson because he is the party invoking the court's jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)

("The burden of proving subject matter jurisdiction ... is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Dyson's Complaint claims that this court has subject matter jurisdiction over his claims under 28 U.S.C. § 1331, which provides district courts with jurisdiction over claims "arising under the Constitution, laws or treaties of the United States and 28 U.S.C. §1343, which provides federal courts with jurisdiction over civil rights claims. Compl. §§ I & V. Dyson then explains that he is bringing claims of "Defamation – Libel per se" and "Emotional Distress," which he claims violated his rights under "the 4th, 5th, 8th, 9th, and 14th Amendments" to the Constitution. Compl. § II. These claims arise out of a conversation between Dyson and Rocky Mount Police Officer Shawn Battle in connection with an investigation into allegations that Dyson had assaulted his uncle. D.E. 1-2 at 1.

Although Dyson's Complaint makes reference to the Constitution and laws of the United States, he is actually pursuing state law tort claims for defamation and negligent or intentional infliction of emotional distress. Claims of defamation are not cognizable under federal civil rights law. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."). Dyson's claim for negligent or intentional infliction of emotional distress also fails to support a claim of a violation of his constitutional rights. *Carter v. Jess*, 179 F. Supp. 2d 534, 540 (D. Md. 2001) ("[A] claim of infliction of emotional distress … cannot form the basis of a § 1983 action because there is no constitutionally protected interest at stake."). Given that Dyson is pursuing state law tort claims that do not implicate federal constitutional concerns, he cannot rely upon

3

Section 1331 or 1343 to establish that this court has subject matter jurisdiction over his claims. In light of the fact that the court lacks subject matter jurisdiction over his claims, the court should dismiss Dyson's Complaint without prejudice.

**Conclusion**

For the reasons stated above, Dyson's IFP Application is granted and it is recommended that the court dismiss Plaintiff's complaint without prejudice.

The Clerk shall send a copy of this Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining *de novo* review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

Dated: March 30, 2015

*Robert T. Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE